Mr. Gerald King, Director Arkansas State Plant Board P.O. Box 1969 Little Rock, AR 72203
Dear Mr. King:
This is in response to your request for an opinion regarding the Arkansas State Plant Board's authority to promulgate regulations concerning the sale of pest control firms. You have indicated that a problem occurs upon the sale of a pest control firm. The problem arises because on any particular date of a sale, the firm will have outstanding one year renewable service contracts in various states of their one year terms. If the buyer of the firm does not assume or take assignment of these service contracts, this leaves a property owner who purchased a service contract without continued performance for that year, even though the property owner has paid for a full year service. It is the plight of this property owner that the Board seeks to alleviate by the adoption of new regulations.
Although this is a quite laudable goal, it is my opinion that the Board's regulatory authority does not extend to the promulgation of regulations governing the sale of pest control firms and or contracts.
Under A.C.A 17-30-105, the Board is given the authority to adopt rules and regulations for the purpose of carrying into effect the provisions of Chapter 30. [A.C.A. 17-30-101, et seq.]. The legislature, in that chapter, has not adopted any provisions concerning the sale of pest control firms, or the transferability of service contracts. It is therefore my opinion that board regulations in this area would constitute impermissible "legislation" by an entity other than the legislature. McArthur v. Smallwood, 225 Ark. 328, 281 S.W.2d 428 (1955).
It may be argued, however, that such regulations could be promulgated in order to carry out the provisions of Section 17-30-221(a), which provides that contracts covering termite and structural pests shall guarantee performance of the work for at least one year. It is my opinion that any regulations adopted concerning the sale of pest control firms, or the transferability of contracts would be too tenuously connected to this provision to be deemed as merely "carrying it out."
It should be noted that an aggrieved property owner whose service contract is abandoned by virtue of the sale of a pest control firm is not remediless. If the sale occurs in the first year of the contract, and performance is guaranteed, (as the law requires), the property owner has an action for breach of the guaranty. Even if the sale occurs after the first year of the contract, (and assuming the renewed contract does not also contain a guarantee of performance), the property owner at the very least has an action for breach of contract against the firm with whom he contracted.[1]
This being the case, a prudent seller of a pest control firm should, in order to avoid future liability, arrange for the buyer of the firm to assume, or take assignment of all paid but uncompleted service contracts.
It thus appears that the law already affords a remedy for the problem you have posed. We are not unmindful of the fact, however, that as a practical matter, such a suit by a property owner would in most cases be economically infeasible. I express no opinion as to whether a legislative solution to the problem and an alternative to the remedy presently afforded would be proper, but opine only that regulations promulgated by the Board with such and effect would be unauthorized.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Steve Clark Attorney General
[1] Of course, resolution of individual disputes would require meticulous reference to the contract in question and the facts of each particular case.